Katherine Kelly Lutton (SBN 194971)
lutton@fr.com
Shelley K. Mack (SBN 209596)
mack@fr.com
Jerry T. Yen (SBN 247988)
yen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:   (650) 839-5071

Attorneys for Defendants
RED HAT, INC. AND GLUSTER, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TWIN PEAKS SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> RED HAT, INC. AND GLUSTER, INC., <br><br> Defendants. | Case No.  5:12-cv-00911 RMW <br><br> **DEFENDANTS RED HAT, INC.'S AND GLUSTER, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF TWIN PEAKS SOFTWARE INC.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

1

Pursuant to Rules 8 and 15(a)(3) of the Federal Rules of Civil Procedure, Defendants Red Hat, Inc. and Gluster, Inc. (collectively, "Red Hat" or "Defendants") hereby respond to of Plaintiff Twin Peaks Software Inc.'s ("Plaintiff") First Amended Complaint for Patent Infringement (D.I. 22). Red Hat denies each and every allegation contained in the First Amended Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Red Hat denies that Plaintiff is entitled to the relief requested or any other relief.

## ANSWER

1. On information and belief, Red Hat admits that Plaintiff is a California corporation with its principal place of business at 46732 Fremont Blvd., Fremont, California 94538. Red Hat lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 1 and therefore denies those allegations.

2. Red Hat, Inc. admits that it is a Delaware corporation with its principal place of business at 1801 Varsity Drive, Raleigh, North Carolina 27606.

3. Gluster, Inc. denies that it is a California corporation having its principal place of business at 640 W. California Ave., Suite 200, Sunnyvale, California, 94086.

4. Red Hat admits that on or about October 4, 2011, Red Hat, Inc. announced that it was entering into an agreement to acquire Gluster, Inc. Except as expressly admitted, Red Hat denies the remaining allegations of Paragraph 4.

5. Red Hat admits that Gluster, Inc. is a wholly-owned subsidiary of Red Hat, Inc. Except as expressly admitted, Red Hat denies the remaining allegations of Paragraph 5.

6. Red Hat admits that Plaintiff's claims for patent infringement purport to arise under the Patent Act, 35 U.S.C. §§ 101 *et seq.*, but denies that such claims have merit. Red Hat admits that this Court has subject matter jurisdiction over Plaintiff's patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Red Hat denies the remaining allegations of Paragraph 6.

7. Red Hat admits for purposes of this action only that this Court has personal jurisdiction over Red Hat. Red Hat expressly denies that it has committed any act of infringement in this judicial district or elsewhere. Except as expressly admitted, Red Hat denies the remaining allegations of Paragraph 7.

8. Red Hat admits for purposes of this action only that venue is proper in this District. Red Hat expressly denies that it has committed any acts of infringement in this judicial district or elsewhere. Except as expressly admitted, Red Hat denies the remaining allegations of Paragraph 8.

9. Red Hat admits that Plaintiff has realleged and incorporated by reference its allegations in the preceding paragraphs of the First Amended Complaint. Except as expressly admitted, Red Hat denies the remaining allegations of Paragraph 9.

10. Red Hat admits that U.S. Patent No. 7,418,439 ("the '439 Patent") bears an issue date of August 26, 2008, and that a copy of the '439 Patent appears to be attached as Exhibit A to the First Amended Complaint. Red Hat admits that the first page of the '439 Patent states that the patent's title is "Mirror File System," and identifies its inventor as John P. Wong of Fremont, California. Red Hat denies that the '439 Patent was duly and lawfully issued. Red Hat lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 10 and therefore denies those allegations.

11. Red Hat admits that the first page of the '439 Patent identifies Twin Peaks Software, Inc. as the Patent's assignee. Red Hat lacks sufficient knowledge to admit or deny the allegations of Paragraph 11 and therefore denies those allegations.

12. Red Hat admits that it has sold the Gluster FS, Red Hat Storage Software Appliance, and Red Hat Virtual Storage Appliance products. Red Hat expressly denies that it has directly and/or indirectly infringed any claim of the '439 Patent, whether in this District or elsewhere in the United States. Red Hat further denies the remaining allegations of Paragraph 12.

13. Red Hat admits that Plaintiff filed its original Complaint on February 23, 2012, accusing Red Hat of infringing the '439 Patent. Red Hat further admits that it owns and is responsible for the Red Hat-branded content available on the www.redhat.com and www.gluster.com websites, including technical documentation such as Administration Guides and

1 | User Guides for its various products.  Red Hat expressly denies that it has directly and/or indirectly infringed any claim of the '439 Patent, and denies that any of its customers directly infringe any claim of the '439 Patent by using any Red Hat product(s).  Red Hat further denies the remaining allegations of Paragraph 13.

14.  Red Hat expressly denies that it has directly and/or indirectly infringed any claim of the '439 Patent.  Red Hat denies that Plaintiff is entitled to injunctive relief of any kind.  Red Hat further denies the remaining allegations of Paragraph 14.

15.  Red Hat denies that it has directly and/or indirectly infringed any claim of the '439 Patent and denies causing any damage to Plaintiff of any kind.  Red Hat further denies the remaining allegations of Paragraph 15.

**PLAINTIFF'S PRAYER FOR RELIEF**

Red Hat denies the allegations of Plaintiff's Prayer for Relief against Red Hat and denies that Plaintiff is entitled to any relief whatsoever from Red Hat.  Red Hat asks that judgment be entered for Red Hat and that this action be found to be an exceptional case under 35 U.S.C. § 285, entitling Red Hat to an award of its reasonable attorneys' fees incurred in connection with Red Hat's defense against Plaintiff's claims, together with such other and further relief as the Court deems appropriate.

**PLAINTIFF'S DEMAND FOR A JURY TRIAL**

Red Hat acknowledges that Plaintiff has demanded a jury trial of this action.

**AFFIRMATIVE DEFENSES**

Red Hat asserts the following affirmative defenses in response to Plaintiff's First Amended Complaint.  Red Hat reserves the right to allege additional affirmative defenses as they become known throughout the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

16.  Red Hat has not infringed and does not currently infringe (either directly, contributorily, or by inducement) any valid claim of the '439 Patent.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

17. The claims of the '439 Patent are invalid and unenforceable because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including, without limitation, Sections 101, 102, 103, and 112, because the alleged invention of the '439 Patent lacks utility, is taught by, suggested by, and/or, anticipated or obvious in view of the prior art, is not enabled, and/or is unsupported by the written description of the patented invention, and no claim of the '439 Patent can be validly construed to cover any Red Hat product.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches/Unclean Hands/Equitable Estoppel/Waiver)**

18. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

19. Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent application resulting in the '439 Patent and/or in related patent applications.

**FIFTH AFFIRMATIVE DEFENSE**

**(Damages Limited by Statute)**

20. Plaintiff's claims for damages are statutorily limited by 35 U.S.C. §§ 286 and/or 287, and Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**SIXTH AFFIRMATIVE DEFENSE**

**(Remedies Limited by Statute)**

21. Plaintiff's remedies are limited by 28 U.S.C. § 1498(a).

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

22. Plaintiff's First Amended Complaint fails to state a claim for relief against Red Hat. Plaintiff's First Amended Complaint identifies no person or entity who directly infringes the claims

of the '439 Patent, as required to prove indirect infringement. Furthermore, Plaintiff's First Amended Complaint does not (and cannot) allege that Red Hat's accused products lack substantial non-infringing uses, as required to prove contributory infringement.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

23. Plaintiff's claim for injunctive relief is barred because there exists an adequate remedy at law and Plaintiff's claims otherwise fail to meet the requirements for such relief.

### NINTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

24. Red Hat reserves the right to add any additional defenses (including but not limited to inequitable conduct) or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

### RED HAT'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Red Hat, Inc. and Gluster, Inc. (collectively, "Red Hat"), for their counterclaims against Plaintiff Twin Peaks Software Inc. ("Plaintiff"), state and allege as follows:

### Nature of the Action

25. These counterclaims seek declaratory judgments of non-infringement and invalidity of the '439 Patent asserted by Plaintiff in this action. Red Hat seeks judgment under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### Parties

26. Red Hat, Inc. is a Delaware corporation with a principal place of business at 1801 Varsity Drive, Raleigh, North Carolina 27606.

27. Gluster, Inc. is a Delaware corporation and a wholly owned subsidiary of Red Hat, Inc., with a principal place of business at 1801 Varsity Drive, Raleigh, North Carolina 27606.

28. On information and belief, Twin Peaks Software Inc. is a California corporation with a principal place of business at 46732 Fremont Blvd., Fremont, California 94538.

**Jurisdiction and Venue**

29. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, the patent laws of the United States set forth at 35 U.S.C. §§ 101 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

30. Plaintiff has consented to the personal jurisdiction of this Court by commencing its action against Red Hat for patent infringement in this judicial district, as set forth in Plaintiff's First Amended Complaint.

31. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**COUNT I**

**(Declaratory Judgment of Non-Infringement)**

32. Red Hat incorporates by reference the allegations of Paragraphs 26-31 above as though fully set forth herein.

33. An actual case or controversy exists between Red Hat and Twin Peaks Software Inc. as to whether the '439 Patent is or is not infringed by Red Hat.

34. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Red Hat requests a declaration of the Court that Red Hat has not infringed and does not currently infringe any claim of the '439 Patent, either directly, contributorily, or by inducement.

35. On information and belief, prior to filing its First Amended Complaint and at a minimum prior to the filing of this Answer, Plaintiff knew, or reasonably should have known, that the claims of the '439 Patent are not infringed by Red Hat, and/or that its claims against Red Hat are barred in whole or in part. Plaintiff's filing of the First Amended Complaint and continued pursuit of its present claims against Red Hat in view of this knowledge makes this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT II**

**(Declaratory Judgment of Invalidity)**

36. Red Hat incorporates by reference the allegations of Paragraphs 26-35 above as though fully set forth herein.

37. An actual case or controversy exists between Red Hat and Twin Peaks Software Inc. as to whether the '439 Patent is or is not invalid.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Red Hat requests a declaration of the Court that the '439 Patent is invalid because it fails to satisfy conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, Sections 101, 102, 103, and/or 112, because the alleged invention of the '439 Patent lacks utility, is taught by, suggested by, and/or, anticipated or obvious in view of the prior art, is not enabled, and/or is unsupported by the written description of the patented invention, and no claim of the '439 Patent can be validly construed to cover any Red Hat product.

39. On information and belief, prior to filing its First Amended Complaint and at a minimum prior to the filing of this Answer, Plaintiff knew, or reasonably should have known, that the claims of the '439 Patent are invalid. Plaintiff's filing of the First Amended Complaint and continued pursuit of its present claims against Red Hat in view of this knowledge makes this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Red Hat respectfully requests that this Court enter judgment in Red Hat's favor against Twin Peaks Software Inc., and issue an order:

1. That Red Hat has not infringed and is not infringing, either directly, indirectly, or otherwise, any valid claim of the '439 Patent;

2. That the claims of the '439 Patent are invalid;

3. Issuing a permanent injunction preventing Twin Peaks Software Inc., including its officers, agents, employees and all persons acting in concert or participation with Twin Peaks Software Inc., from charging that the '439 Patent is infringed by Red Hat;

4. That Twin Peaks Software Inc. take nothing by its First Amended Complaint;

5. Denying Twin Peaks Software Inc.'s request for injunctive relief;

6. Dismissing Twin Peaks Software Inc.'s First Amended Complaint with prejudice;

7. Declaring this case to be exceptional and awarding Red Hat its costs, expenses and reasonable attorney fees incurred in this action under 35 U.S.C. § 285; and

8. Awarding any other such relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Red Hat hereby requests a trial by jury for all issues so triable.

Dated:  August 2, 2012	Respectfully Submitted,

By:  */s/ Katherine Kelly Lutton*
Katherine Kelly Lutton (SBN 194971)
lutton@fr.com
Shelley K. Mack (SBN 209596)
mack@fr.com
Jerry T. Yen (SBN 247988)
yen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendants
RED HAT, INC. AND GLUSTER, INC.