Christopher D. Banys (State Bar No. 230038)
Richard C. Lin        (State Bar No. 209233)
cdb@lanierlawfirm.com
rcl@lanierlawfirm.com
THE LANIER LAW FIRM, P.C.
2200 Geng Road, Suite 200
Palo Alto, California 94303
Telephone:  (650) 322-9100
Facsimile:   (650) 322-9103

Attorneys for Plaintiff/Counterclaim-Defendant
TWIN PEAKS SOFTWARE INC.

Katherine Kelly Lutton (SBN 194971)
lutton@fr.com
Shelley K. Mack (SBN 209596)
mack@fr.com
Jerry T. Yen (SBN 247988)
yen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:   (650) 839-5071

Adam J. Kessel (of counsel)
kessel@fr.com
FISH & RICHARDSON P.C.
ONE Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Defendants/Counterclaim-Plaintiffs
RED HAT, INC. AND GLUSTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWIN PEAKS SOFTWARE INC.,<br>　　　Plaintiff and Counterclaim-Defendant,<br>v.<br>RED HAT, INC. AND GLUSTER, INC.,<br>　　　Defendants and Counterclaim-Plaintiffs. | Case No. 5:12-cv-00911-RMW<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date: September 21, 2012<br>Time: 10:30 a.m.<br>Courtroom: 6<br>Judge: Hon. Ronald M. Whyte |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9(a), Patent Local Rule 2.1(a), ADR Local Rule 3-5, and this Court's July 23, 2012 Clerk's Notice of Setting Case Management Conference (D.I. 27), a conference was held on August 30, 2012 between Christopher Banys and Richard Lin from the Lanier Law Firm, P.C., counsel for Plaintiff Twin Peaks Software Inc. ("Twin Peaks") and Shelley Mack from Fish & Richardson P.C., counsel for Defendants Red Hat, Inc. and Gluster, Inc. (collectively "Red Hat" or "Defendants").  The parties additionally conferred via electronic mail.  The parties jointly filed a Case Management Conference Statement under Civil Local Rule 16-9(a) on September 14, 2012 (D.I. 35), and now jointly submit this Amended Case Management Statement under Civil Local Rule 16-9(a) to supplement their original statement with additional issues raised by Defendants' Amended Answer and Counterclaims.

**1.    JURISDICTION AND SERVICE**

This court has subject matter jurisdiction over Twin Peaks' claims and Red Hat's counterclaims under 28 U.S.C. §§ 1331 and 1338(a) because this case involves a dispute over patent infringement under 35 U.S.C. § 271, patent invalidity under 35 U.S.C. §§ 101, 102, 103 and/or 112, and copyright infringement under 17 U.S.C. § 101 *et seq*.  Venue is proper in this court under 28 U.S.C. § 1391 and 1400(b).  No party remains to be served.

**2.    FACTS**

Twin Peaks is a California corporation having its principal place of business at 46732 Fremont Blvd., Fremont, California 94538.  Twin Peaks filed this action in the Northern District of California on February 23, 2012 and a First Amended Complaint on July 16, 2012.  Twin Peaks' First Amended Complaint alleges that Defendants are infringing U.S. Patent No. 7,418,439 ("the '439 patent"), entitled "Mirror File System" by making, using, importing, offering for sale and/or selling in the United States software products for managing data on computer networks.  Twin Peaks' First Amended Complaint also alleges that Defendants indirectly infringe the '439 patent by inducing its customers' infringement of the '439 patent.  Twin Peaks seeks, *inter alia*, an injunction, damages, fees, and costs.

Defendant Red Hat, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1801 Varsity Drive, Raleigh, North Carolina

27606. Defendant Gluster, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1801 Varsity Drive, Raleigh, North Carolina 27606. Gluster, Inc. is a fully-owned subsidiary of Red Hat, Inc. Defendants filed a timely Answer and Counterclaims to Twin Peaks' First Amended Complaint on August 2, 2012 (D.I. 28), and a timely Amended Answer and Counterclaims to Twin Peaks' First Amended Complaint on September 13, 2012 (D.I. 33). Defendants deny Twin Peaks' claims and seek a declaration that they do not infringe any claims of the '439 patent and that the claims of the '439 patent are invalid. Red Hat also alleges that Twin Peaks is infringing copyrights held by Red Hat in open source code files authored by Red Hat and incorporated, without authorization and in violation of version 2 of the GNU General Public License ("GPLv2"), in Twin Peaks' own proprietary software products. Defendants seek, *inter alia*, fees and costs, and Red Hat further seeks a permanent injunction barring Twin Peaks from infringing Red Hat's copyrighted source code.

**3.      PRINCIPAL FACTUAL AND LEGAL ISSUES IN DISPUTE**

The parties have identified the following principal disputed issues:

(a) The proper construction of disputed claim terms in the '439 Patent;

(b) Whether Defendants have directly infringed the '439 Patent pursuant to 35 U.S.C. § 271;

(c) Whether Defendants have induced others to infringe the '439 Patent under 35 U.S.C. § 271;

(d) Whether any asserted claim of the '439 Patent is invalid for any reason under 35 U.S.C. §§ 101, 102, 103 and/or 112;

(e) Whether the asserted claims of the '439 Patent are unenforceable;

(f) Whether Twin Peaks is barred from obtaining any relief under the equitable doctrines of laches, unclean hands, estoppel and/or waiver;

(g) Whether Twin Peaks is barred from obtaining relief under the doctrine of prosecution history estoppel;

(h) Whether Twin Peaks has infringed Red Hat's copyrights in its contributions to the

   util-linux "mount" program under 17 U.S.C. § 501;

   (i) Whether Red Hat's copyrights to the util-linux "mount" program are invalid;

   (j) Whether Red Hat is barred from obtaining any relief for its copyright infringement claim under the equitable doctrines of laches, unclean hands, estoppel and/or waiver; and

   (m) Appropriate forms of relief due to either party, including declaratory, injunctive and monetary relief under 35 U.S.C. §§ 284 and/or 285, and/or 17 U.S.C. §§ 502, 503 and/or 504.[1]

## 4. MOTIONS

On July 2, 2012, Defendants filed a motion to dismiss Twin Peaks' Complaint, which Defendants subsequently withdrew after Twin Peaks filed its First Amended Complaint. There are no pending motions at this time. The parties anticipate that summary judgment motions will be filed that may address issues of patent infringement and/or non-infringement, copyright infringement and/or noninfringement, patent and copyright validity and/or invalidity, and/or patent and copyright enforceability and/or unenforceability.

## 5. AMENDMENT OF PLEADINGS

The parties anticipate that they may seek to add additional claims, counterclaims and affirmative defenses as discovery proceeds. The parties propose July 1, 2013 as the deadline for amending pleadings.

## 6. EVIDENCE PRESERVATION

The parties will take reasonable steps to preserve documents and evidence relating to the issues presented in Twin Peaks' First Amended Complaint and Defendants' Counterclaims. The parties will also take reasonable steps to preserve documents and evidence relating to the issues presented in subsequent amendments of those pleadings, based on their understanding of the issues at the time. Such reasonable steps shall include issuing document preservation instructions to the key individuals likely to

---

[1] Twin Peaks' responsive pleading to Red Hat's new counterclaim of copyright infringement is not yet due. Consequently, Twin Peaks is still in the process of determining whether there may be additional disputed issues regarding Red Hat's copyright infringement claim.

have such documents, directing such individuals to take affirmative steps to preserve such documents, whether in hardcopy or electronic form, and to suspend applicable document destruction/deletion procedures.

**7.      DISCLOSURES**

The parties agree to make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before October 5, 2012.  Each party reserves its right to amend such disclosures as discovery progresses.

**8.      DISCOVERY**

    (i)   **Discovery Taken to Date:** On September 13, 2012, Defendants served Twin Peaks with their First Sets of Requests for Production, Interrogatories and Requests for Admissions.  No discovery responses have been served to date.

    (ii)  **Anticipated Scope of Discovery:** The parties anticipate discovery on the claims for patent infringement, copyright infringement, affirmative defenses and counterclaims thereto, patent claim construction, and prayers for relief.

    (iii) **Limits on Discovery:** The parties agree to the following limits on discovery:

        (a) **Fact Depositions:** Twin Peaks proposes a total presumptive limit of 70 hours of deposition per side.  Red Hat proposes a total presumptive limit of 42 hours of deposition per side.  The parties agree to a presumptive limit of 7 hours per individual deposition.  Multiple days of deposition of a single witness will count as multiple depositions.  The parties further agree that expert depositions will not count toward these limits, but that non-party depositions and depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6) will count toward these limits.  The parties reserve the right to revisit the issue of the number and length of depositions as discovery progresses.  If any party seeks more than the presumptive limit of hours of depositions or more than 7 hours for a deposition, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.  Each party reserves the right to seek leave of Court in order to take additional depositions.

        (b) **Expert Depositions:** The parties agree that each side may take up to seven (7) hours

of deposition testimony of each expert identified by an adverse party for each report provided. Notwithstanding the foregoing, if any party identifies a single expert to provide a report related to both infringement and validity, the seven (7) hour limit shall be expanded to fourteen (14) hours.

(c) **Interrogatories:** The parties agree to the presumptive limits set forth in the Federal Rules of Civil Procedure regarding interrogatories.

(d) **Requests for Admission:** The parties agree that each side may serve a maximum of 50 requests for admissions relating to substantive issues. The parties agree there is no limit on requests for admissions related to the authentication of documents.

(iv) **Discovery Plan:** The parties intend to pursue discovery by taking depositions and by serving document requests, interrogatories, and requests for admission, subject to the limits in the previous section.

(a) **Protective Order:** The parties agree that a protective order will be necessary, in light of the sensitive and proprietary information that will be exchanged during discovery. The parties intend to meet and confer on and submit a proposed Stipulated Protective Order for the Court's approval shortly. This protective order will contain the parties' agreed-upon procedure for post-production claims of privilege or protection as attorney work-product or trial preparation materials, as well as for handling requests for the production of source code.

(b) **Privilege Logs:** The parties agree that communications with outside litigation counsel of record about this case and work product prepared by outside litigation counsel for this case do not need to be logged. The parties further agree that to the extent any Party relies on a joint defense privilege, the communication will be logged. The parties further agree that privileged communications and documents covered by work product protection and dated after the filing of this lawsuit need not be included in any privilege log.

(c) **Expert Reports:** The parties agree that document discovery concerning testifying

1 experts shall be limited to the final versions of the testifying experts' reports and any
2 materials relied upon by the testifying expert in forming his or her opinion(s) in this
3 case. Testifying experts' draft reports, notes, and conversations or communications
4 with counsel will not be subject to discovery and do not need to be logged in a
5 privilege log unless such materials is relied upon by a testifying expert in forming his
6 or her final report, trial or deposition testimony, or any opinion in this case. If an
7 expert indicates in deposition that he or she relied upon a document or source not
8 otherwise specified in the final report, that document or source also is discoverable.

(d) **Method of Service:** The parties agree that service by electronic mail will be treated as service by mail.

**Electronic Discovery:** The parties agree to cooperate to develop protocols to lessen the burden of producing electronic discovery. The parties are continuing to meet and confer to reach an agreed upon plan for electronic discovery and will submit an agreed electronic discovery plan or a joint submission highlighting any remaining disputed issues.

**9.   CLASS ACTIONS**

This is not a class action.

**10.  RELATED CASES**

The parties are unaware of any pending cases related to the present action.

**11.  RELIEF**

Twin Peaks seeks judgment that Defendants have infringed and continue to infringe the '439 patent. Twin Peaks seeks a permanent injunction, damages under 35 U.S.C. § 284, attorney fees under 35 U.S.C. § 285, and such relief at law and in equity as the Court may deem just and proper.

Defendants seek a declaration that they have not and are not infringing any valid claim of the '439 patent, whether directly or indirectly. Defendants further seek a declaration that the '439 patent is invalid. Defendants seek a dismissal of Twin Peaks' claims in their entirety and with prejudice and a declaration that Twin Peaks take nothing away from its complaint. Defendants also seek any

appropriate costs and attorneys' fees pursuant to 35 U.S.C. § 285 and such further relief as the Court may deem appropriate under the circumstances.  In addition, Defendant Red Hat seeks judgment that Twin Peaks has infringed and continues to infringe Red Hat's copyrights in the util-linux mount program.  Red Hat seeks a permanent injunction under 17 U.S.C. § 502, an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503, actual damages and additional profits attributable to infringement pursuant to 17 U.S.C. § 504, and such further relief at law and in equity as the Court may deem just and proper.

**12.    SETTLEMENT AND ADR**

The parties are willing to engage in early and meaningful settlement discussions, but have had only limited discussions to that end so far, have not yet conducted any formal method of alternative dispute resolution, and are uncertain at this time whether a prompt resolution of this matter is possible. The parties have met and conferred regarding ADR pursuant to Civil L.R. 16-18 and ADR L.R. 3-5, have reviewed the ADR procedures in ADR L.R. 3-5, and have stipulated to agree to private mediation at an appropriate time.  The parties do not believe any motions are necessary to facilitate settlement.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants do not consent to have this case proceed before a Magistrate Judge.

**14.    OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration or to a Special Master.  This case is inappropriate for reference to the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The parties are not aware of issues that can be narrowed by agreement or by motion at this time and do not have suggestions to expedite the presentation of evidence at this time.  The parties anticipate that as discovery proceeds, the issues will be narrowed for trial.

**16.    EXPEDITED SCHEDULE**

Because of the nature and complexity of the claims and defenses in this action, the parties submit that this is not the type of case that can be handled on an expedited basis or with short-circuited procedures.

## 17. SCHEDULING

The parties propose the following dates for scheduling in this case consistent with the Patent Local Rules, with certain minor modifications:

| Event/Authority | Twin Peaks' Proposed Date | Red Hat's Proposed Date |
|---|---|---|
| Initial Case Management Conference<br>　　[Civil L.R. 16-10; July 23, 2012 Order (D.I. 27)] | Sept. 21, 2012 | Sept. 21, 2012 |
| Last day for parties to make initial disclosures<br>　　[Fed. R. Civ. P. 26(a)(1)] | Oct. 5, 2012 | Oct. 5, 2012 |
| Plaintiff's Initial Disclosure of Asserted Claims & Preliminary Infringement Contentions & accompanying document production<br>　　[Patent L.R. 3-1 & 3-2] | Nov. 20, 2012 | Nov. 20, 2012 |
| Defendants' Preliminary Invalidity Contentions & accompanying document production<br>　　[Patent L.R. 3-3 & 3-4] | Jan. 11, 2013 | Jan. 11, 2013 |
| Parties to exchange Proposed Terms & Claim Elements for Construction<br>　　[Patent L.R. 4-1(a)] | Jan. 18, 2013 | Jan. 18, 2013 |
| Parties to exchange Preliminary Claim Constructions<br>　　[Patent L.R. 4-2(a)] | Feb. 8, 2013 | Feb. 8, 2013 |
| Parties to file Joint Claim Construction & Prehearing Statement; parties to exchange expert declarations or other disclosures on claim construction for any experts who will submit declarations or testify regarding claim construction at the Claim Construction Hearing.<br>　　[Patent L.R. 4-3] | Mar. 5, 2013 | Mar. 5, 2013 |
| Claim Construction Discovery Cut-Off<br>　　[Patent L.R. 4-4] | Apr. 5, 2013 | Apr. 5, 2013 |

| | | |
|---|---|---|
| Plaintiff to file Opening Brief on Claim Construction<br>　　　[Patent L.R. 4-5(a)] | Apr. 19, 2013 | Apr. 19, 2013 |
| Defendant to file Responsive Brief on Claim Construction<br>　　　[Patent L.R. 4-5(b)]  (14 days) | May 3, 2013 | May 3, 2013 |
| Plaintiff to file Reply Brief on Claim Construction<br>　　　[Patent L.R. 4-5 (c)]  (7 days) | May 10, 2013 | May 10, 2013 |
| Court will hold a claim construction tutorial.  The parties shall call the Court at least a week prior to the tutorial to notify the Court regarding the expected length of the tutorial. | May 22, 2013 | May 22, 2013 |
| Court conducts Claim Construction (*Markman*) Hearing | May 29, 2013 | May 29, 2013 |
| Last day to Serve Final Infringement Contentions and Motion for Leave to Amend<br>　　　[Patent L.R. 3-6] | 30 days after Markman Ruling | 14 days after Markman Ruling |
| Last day to disclose advice of counsel<br>　　　[Pat. L.R. 3-7] | 50 days after Markman Ruling | 50 days after Markman Ruling |
| Last day to Serve Final Invalidity Contentions and Motion for Leave to Amend<br>[Patent L.R. 3-6] | 30 days after Markman Ruling | 28 days after Markman Ruling |
| Last day to amend pleadings | July 1, 2013 | July 1, 2013 |
| Parties to exchange privilege logs | May 31, 2013 | May 31, 2013 |
| Fact discovery cut-off | July 31, 2013 | July 31, 2013 |
| Initial expert reports exchanged on matters on which a party bears the burden of proof | 45 days after the Court's Markman Ruling | Sept. 16, 2013 |
| Responsive expert reports exchanged | 30 days after the exchange of initial expert reports | Oct. 16, 2013 |

| Expert discovery completed | Completed within 30 days after exchange of rebuttal expert reports | Nov. 15, 2013 |
|---|---|---|
| Deadline for filing dispositive motions | 21 days after completion of expert discovery | Nov. 29, 2013 |
| Last day for parties to file/serve oppositions to dispositive motions | 35 days after completion of expert discovery | Dec. 13, 2013 |
| Last day for parties to file/serve reply briefs in support of dispositive motions | 42 days after completion of expert discovery | Dec. 20, 2013 |
| Dispositive motion hearing | First available hearing date after briefing on dispositive motions has been completed | Jan. 10, 2014 |
| Last day for parties to conduct pretrial meet-and-confer | Sept. 30, 2013 | Feb. 19, 2014 |
| Last day for parties to file Daubert motions | Sept. 30, 2013 | Feb. 6, 2014 |
| Last day for parties to file Joint Pretrial Conference Statement, trial briefs, motions in limine, deposition and discovery designations, trial witness list, exhibit list, exhibits, proposed voir dire questions, jury instructions, proposed findings of fact/conclusions of law, and verdict forms | Oct. 7, 2013 | Feb. 20, 2014 |
| Last day for parties to file oppositions to Daubert motions | Oct. 14, 2013 | Feb. 20, 2014 |

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(f) REPORT               10                CASE NO.: 5:12-CV-00911-RMW

| Last day for parties to file oppositions to motions in limine, objections to deposition and discovery designations, deposition and discovery counter-designations, and objections to proposed voir dire questions, proposed findings, verdict forms, and authenticity or admissibility of trial exhibits | Oct. 21, 2013 | Feb. 27, 2014 |
|---|---|---|
| Last day for parties to file reply briefs in support of Daubert motions | Oct. 21, 2013 | Feb. 27, 2014 |
| Pretrial Conference | November 2013 or as soon thereafter as the Court's calendar permits | March 6, 2014 or as soon thereafter as the Court's calendar permits |
| Trial | December 2013 or as soon thereafter as the Court's calendar permits | March 24, 2014 or as soon thereafter as the Court's calendar permits |

## 18. TRIAL

A jury demand has been made. Twin Peaks proposes a trial date in December 2013 or as soon thereafter as the Court's calendar permits. Red Hat proposes a trial date in March 2014 or as soon thereafter as the Court's calendar permits. Twin Peaks estimates that the expected length of trial is five days, with trial time to be split equally between the two sides. Red Hat estimates that the expected length of trial is seven days, with trial time to be split equally between the two sides.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed their respective Certifications of Interested Entities or Persons with the Court. There are no other non-party interested entities or persons.

## 20. OTHER MATTERS

The parties also discussed the following topics as set forth in Patent Local Rule 2-1(a):

**A. Proposed Modifications of Obligations and Deadlines in Local Patent Rules:**

See schedule proposed in Section 17, above.

**B. Privilege log:**

The parties will exchange privilege logs, whose format will be agreed to in advance. The parties propose that privilege logs be exchanged no later than May 31, 2013. In addition, the parties will cooperate to produce logs on limited issues (such as reliance on advice of counsel) if requested to do so, as appropriate.

**Scope and Timing of Claim Construction Discovery:**

The parties anticipate they may use expert witness declarations in support of one or more of their claim construction positions. If so, each party will disclose whether it intends to use a claim construction expert witness, and will provide an expert report and/or declaration, in accordance with the deadlines provided in Local P.R. 4-2 and 4-3, and proposes that claim construction discovery (including any expert witness depositions) close in accordance with the deadline provided in Section 17, above

**Format of Claim Construction Hearing:**

The parties do not anticipate live testimony at the claim construction hearing, but believe live testimony may be helpful during the technology tutorial. Although the parties' recommendation may change depending on the terms ultimately chosen for construction, at this point in time, the parties propose that during the claim construction hearing, oral argument proceed term-by-term, with Plaintiff presenting on each term first, followed by Defendants. The parties anticipate that three (3) hours will be required for argument at the claim construction hearing, split evenly between the sides.

**How the Parties Intend to Educate the Court on the Technology at Issue:**

To educate the court on the technology at issue, the parties suggest a one-and-a-half hour technology tutorial (split evenly between the sides) on the date ordered by the Court, approximately one week prior to the claim construction hearing, subject to the Court's preference and schedule.

Dated: September 20, 2012                Respectfully submitted,

                                                   /s/Richard C. Lin
                                                   Richard C. Lin

                                                   THE LANIER LAW FIRM, P.C.
                                                   Christopher D. Banys (230038)

Richard C. Lin (209233)
2200 Geng Road, Suite 200
Palo Alto, CA  94303
Tel:  (650) 332-9100
Fax:  (650) 322-9103

Attorneys for Plaintiff and Counterclaim-Defendant
TWIN PEAKS SOFTWARE, INC.


 /s/ Katherine Kelly Lutton
Katherine Kelly Lutton (SBN 194971)
lutton@fr.com
Shelley K. Mack (SBN 209596)
mack@fr.com
Jerry T. Yen (SBN 247988)
yen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Defendants and Counterclaim-Plaintiffs
RED HAT, INC. AND GLUSTER, INC.