1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| TWIN PEAKS SOFTWARE INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br>v.<br><br>RED HAT, INC. and GLUSTER, INC.,<br><br>    Defendants and Counterclaim-Plaintiffs. | Case No.  5:12-cv-00911 RMW<br><br>**[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER** |
|---|---|

Following an initial case management conference with the parties on September 21, 2012, the Court enters the following case management and scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

**1. Discovery**

a. <u>Electronic Discovery</u>:  The parties shall cooperate to develop protocols to lessen the burden of producing electronic discovery, and shall submit to the Court an agreed electronic discovery plan or a joint submission highlighting any remaining disputed issues.

b. <u>Privilege</u>:  Communications with outside litigation counsel of record about this case and work product prepared by outside litigation counsel for this case need not be included in the parties' privilege logs.  To the extent any party relies on a joint defense privilege, communications for which such a privilege is invoked shall be logged.  Privileged communications and documents covered by work product protection dated after the filing of this lawsuit need not be included in any privilege log.  The parties shall agree in advance of any exchange of privilege logs on a mutual format for such logs, and shall cooperate to produce logs on limited issues (such as reliance on advice of counsel) if requested to do so, as appropriate.

c. <u>Discovery Rules</u>:  The FRCP and this Court's Local Rules shall govern discovery in this action, with the following exceptions:

i. <u>Fact Depositions</u>:  A total presumptive limit of forty-two (42) hours of deposition time per side shall apply to fact witness depositions in this case, with a presumptive limit of seven (7) hours per deposition.  Multiple days of deposition of a single witness will count as multiple depositions.  Expert depositions will not count toward these limits, but non-party depositions and depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6) will count toward these limits.  If any party seeks more than the presumptive limit of hours of depositions or more than seven (7) hours for a deposition, the

parties shall meet and confer in good faith to attempt to resolve the issue without intervention by the Court.  At the request of any of the parties, the Court will revisit the issue of presumptive limits on fact deposition hours at the further case management conference to be held after the Court's Markman ruling issues.

    ii. <u>Expert Discovery</u>:  Each side may take up to seven (7) hours of deposition testimony of each expert identified by an adverse party for each report provided.  Notwithstanding the foregoing, if any party identifies a single expert to provide a report related to both infringement and validity, the seven (7) hour limit shall be expanded to fourteen (14) hours.  Document discovery from testifying experts shall be limited to the final versions of the testifying experts' reports and any materials relied upon by the testifying expert in forming his or her opinion(s) in this case.  Testifying experts' draft reports, notes, and conversations or communications with counsel are not subject to discovery and do not need to be logged in a privilege log unless such material is relied upon by a testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.  If an expert indicates in deposition that he or she relied upon a document or source not otherwise specified in the final report, that document or source also is discoverable.

    iii. <u>Requests for Admissions</u>:  A maximum of fifty (50) requests for admissions per side relating to substantive issues will apply in this action.  There is no limit on requests for admissions related to the authentication of documents.

    iv. <u>Protective Order</u>:  The parties shall submit a proposed Stipulated Protective Order for the Court's approval containing, *inter alia*, the parties' agreed-upon procedure for post-production claims of privilege or protection as attorney work-product or trial preparation materials, as well as for handling requests for the production of source code.  Prior to the entry of the protective order,

        all documents exchanged that bear the designation "Confidential" or "Confidential-Outside Attorneys Eyes Only" will be treated as if they are designated "Confidential-Outside Attorneys Eyes Only." Such documents will revert to their designated level of confidentiality upon the entry of the protective order.

   d. <u>Items Required per Patent Local Rule 2-1</u>:

      i. <u>Scope and timing of claim construction discovery</u>:  Each side shall disclose whether it intends to use a claim construction expert witness, and shall provide an expert report and/or declaration, in accordance with the deadlines provided in Patent Local Rules 4-2 and 4-3.  To the extent that an expert provides a declaration or report during claim construction discovery, the expert can be deposed regarding the opinions contained in his or her declaration or report for a maximum of seven (7) hours per expert. This deposition is in addition to the depositions that may be taken of either side's experts at a later stage of the case relating to any other issue, including infringement and validity, as set forth in Section 1(c)(ii), above.

      ii. <u>Format of Claim Construction Hearing</u>:  The Parties shall apprise the Court in their Patent Local Rule 4-3 Joint Claim Construction and Pre-Hearing Statement if any party wishes to present live testimony during the claim construction hearing or technology tutorial, as well as to any changes in the parties' proposal for the format of the claim construction hearing.  Absent any Court-approved changes in that proposal, oral argument during the claim construction hearing shall proceed term-by-term, with Plaintiff presenting on each term first, followed by Defendants.  Three (3) hours will be allocated for argument at the claim construction hearing, split evenly between the sides.

      iii. <u>Claim Construction Technology Tutorial</u>:  On a date to be set by the Court, approximately one week prior to the claim construction hearing, the Court

will conduct a one-and-a-half (1 ½) hour technology tutorial, with presentation time split evenly between the sides.

**2. Scheduling**

The following schedule shall apply through Claim Construction.  Following entry of the Court's Claim Construction Ruling, the Court will schedule a further case management conference for the purpose of scheduling the remainder of this action, to be held approximately 30 days after the Court's issuance of its Claim Construction Ruling.

| Event | Deadline |
|---|---|
| Last day for parties to make initial disclosures [Fed. R. Civ. P. 26(a)(1)] | Oct. 5, 2012 |
| Plaintiff's Initial Disclosure of Asserted Claims & Preliminary Infringement Contentions & accompanying document production [Patent L.R. 3-1 & 3-2] | Nov. 20, 2012 |
| Defendants' Preliminary Invalidity Contentions & accompanying document production [Patent L.R. 3-3 & 3-4] | Jan. 11, 2013 |
| Parties to exchange Proposed Terms & Claim Elements for Construction [Patent L.R. 4-1(a)] | Jan. 18, 2013 |
| Parties to exchange Preliminary Claim Constructions [Patent L.R. 4-2(a)] | Feb. 8, 2013 |
| Parties to file Joint Claim Construction & Prehearing Statement; parties to exchange expert declarations or other disclosures on claim construction for any experts who will submit declarations or testify regarding claim construction at the Claim Construction Hearing. [Patent L.R. 4-3] | Mar. 5, 2013 |
| Claim Construction Discovery Cut-Off [Patent L.R. 4-4] | Apr. 5, 2013 |
| Plaintiff to file Opening Brief on Claim Construction [Patent L.R. 4-5(a)] | Apr. 19, 2013 |

| Defendant to file Responsive Brief on Claim Construction [Patent L.R. 4-5(b)]  (14 days) | May 3, 2013 |
|---|---|
| Plaintiff to file Reply Brief on Claim Construction [Patent L.R. 4-5 (c)]  (7 days) | May 10, 2013 |
| Court will hold a claim construction tutorial.  The parties shall call the Court at least a week prior to the tutorial to notify the Court regarding the expected length of the tutorial. | May 22, 2013 |
| Claim Construction (*Markman*) Hearing | May 29, 2013 |

**3. Other Matters**

   a. <u>Evidence Preservation</u>:  The parties shall take reasonable steps to preserve documents and evidence relating to the issues presented in Twin Peaks' First Amended Complaint and Defendants' Amended Counterclaims.  The parties shall also take reasonable steps to preserve documents and evidence relating to the issues presented in subsequent amendments of those pleadings, based on their understanding of the issues at the time.  Such reasonable steps shall include, without limitation, issuing document preservation instructions to the key individuals likely to have such documents, directing such individuals to take affirmative steps to preserve such documents, whether in hardcopy or electronic form, and suspending applicable document destruction and/or deletion procedures.

   b. <u>Method of Service</u>:  Pursuant to the parties' agreement, service by electronic mail shall be treated as service by mail for purposes of this action.

   c. <u>Mediation</u>:  The parties shall contact Magistrate Judge Grewal's chambers within seven (7) to ten (10) days of the September 21, 2012 initial case management conference to request a date for a mediation conference.

IT IS SO ORDERED.

1
2   DATED: _____   _____
3                                            UNITED STATES DISTRICT COURT JUDGE
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28