1  Christopher D. Banys (State Bar No. 230038)
2  Richard C. Lin       (State Bar No. 209233)
   Jennifer C. Lu       (State Bar No. 255820)
3  Nicholas S. Mancuso  (State Bar No. 271668)
   cdb@lanierlawfirm.com
4  rcl@lanierlawfirm.com
   jcl@lanierlawfirm.com
5  nsm@lanierlawfirm.com
   THE LANIER LAW FIRM, P.C.
6  2200 Geng Road, Suite 200
   Palo Alto, California 94303
7  Telephone: (650) 322-9100
   Facsimile:  (650) 322-9103
8
9  Attorneys for Plaintiff
   TWIN PEAKS SOFTWARE INC.
10

11                        UNITED STATES DISTRICT COURT
12                       NORTHERN DISTRICT OF CALIFORNIA
13                              SAN JOSE DIVISION
14

15 | TWIN PEAKS SOFTWARE INC. | Case No. 5:12-cv-00911-RMW |
16 | Plaintiff, | **PLAINTIFF TWIN PEAKS SOFTWARE INC.'S MOTION TO RETAIN CONFIDENTIALITY OF ITS SOURCE CODE** |
17 | v. | |
18 | RED HAT, INC. AND GLUSTER, INC., | |
19 | Defendants. | |
20 | | Date: February 8, 2013<br>Time: 9:00 am<br>Courtroom: 6 |
21 | | |
22 | | The Honorable Ronald Whyte |

PLAINTIFF'S MOTION TO RETAIN
CONFIDENTIALITY OF ITS SOURCE                                    CASE NO: 5:12-CV-00911-RMW
CODE

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................. 1

I.   ISSUE TO BE DECIDED – CIVIL L.R. 7-4(a)(3) ........................................................... 1

II.  INTRODUCTION ............................................................................................................. 1

III. STATEMENT OF FACTS ................................................................................................ 3

IV. ARGUMENT .................................................................................................................... 6

   A.  Twin Peaks' Source Code Files are Proprietary and Constitute Its
      Most Highly Prized and Confidential Asset ............................................................. 6

   B.  Disclosure of Twin Peaks' Source Code without the Current Confidentiality
      Designation Creates an Irreparable Risk of Harm to Twin Peaks ............................ 7

   C.  Red Hat's Allegation that Twin Peaks' Source Code is Not
      Proprietary is Baseless ............................................................................................. 8

   D.  Red Hat's Challenge to Twin Peaks' Source Code Designation is
      Meritless Even If Red Hat Could Identify Any Lines of Publicly-Available Code
      in Twin Peaks' Source Code ................................................................................... 9

V.   CONCLUSION ............................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*American Standard Inc. v. Pfizer Inc.*,
  828 F.2d 734 (Fed. Cir. 1987) ........................................................................................................ 8

*Brown Bag Software v. Symantec Corp.*,
  960 F.2d 1465 (9th Cir. 1992) ....................................................................................................... 8

*Digital Communications Associates, Inc. v. Softklone Distributing Corp*,
  659 F. Supp. 449 (N.D. Ga 1987) ................................................................................................ 11

*Dynetix Design Solutions, Inc. v. Synopsis, Inc.*,
  No. 5:11-cv-05976-PSG (N.D. Cal. Apr. 12, 2012), ECF No. 39 ................................................. 3

*Intel Corp. v. CIA Technologies, Inc.*,
  198 F.R.D. 525 (N.D. Cal. 2000) ............................................................................................. 3, 8

*Kendall Holdings, Ltd. V. Eden Cryogenics, LLC*,
  2011 WL 3652696 (S.D. Ohio Aug. 18, 2011) ........................................................................... 10

*Mike's Train House, Inc. v. Lionel, L.L.C.*,
  472 F.3d 398 (6th Cir. 2006) ....................................................................................................... 10

*Safe Flight Instrument Corp v. Sundstrand Data Control Inc.*,
  682 F. Supp 20 (D. Del. 1988) ...................................................................................................... 2

**STATUTES**

17 U.S.C. §§101 *et seq* ..................................................................................................................... 11

Cal. Civ. Code § 3426.1 ..................................................................................................................... 7

**OTHER AUTHORITIES**

CIVIL L.R. 7-4(a)(3) .......................................................................................................................... 1

N.D. Cal. Patent L. R. 2-2 .............................................................................................................. 1, 3

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 8, 2013, at 9:00 a.m., in Courtroom 6, 4th Floor located at 280 South First Street, San Jose, California 95113, Plaintiff Twin Peaks Software Inc. ("Twin Peaks") will, and hereby does move pursuant to Paragraph 6.3 of the N.D. Cal. Patent L. R. 2-2 Interim Model Protective Order ("Model Protective Order") for an order from this Court to retain the confidentiality of Twin Peaks' source code made available to Defendants in discovery in this action under the designation "HIGHLY CONFIDENTIAL – SOURCE CODE." This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of John P. Wong and Jennifer C. Lu, and the proposed order submitted herewith, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this Motion, and all matters of which the Court may take judicial notice. This Motion is made following the conference of counsel pursuant to Paragraph 6.2 of the Model Protective Order, which took place on December 3, 2012.

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **ISSUE TO BE DECIDED – CIVIL L.R. 7-4(a)(3)**

Whether Plaintiff Twin Peaks Software Inc. ("Twin Peaks") has properly designated the source code for its proprietary software products made available to Defendants during discovery in this action as "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Court's Patent L. R. 2-2 Interim Model Protective Order ("Model Protective Order").

II. **INTRODUCTION**

This motion concerns the scope of protection that should be given to Twin Peaks' most highly prized and confidential asset: its product source code. Always maintained in

PLAINTIFF'S MOTION TO RETAIN CONFIDENTIALITY OF ITS SOURCE CODE  1  CASE NO: 5:12-CV-00911-RMW

secrecy, Twin Peaks' source code is the nucleus of its software products and the result of over ten years in research and development. The issue at stake is brought upon by Defendant Red Hat, Inc.'s ("Red Hat") baseless demand that Twin Peaks disclose its proprietary trade secrets to a ***direct competitor*** without the protection of the requisite confidentiality designations. Notably, to date, Red Hat has not even provided any evidence to support its challenge to Twin Peaks' confidentiality designation of its source code.

Twin Peaks has made available to Defendants for inspection in this case its proprietary source code for several of Twin Peaks' software products and designated this proprietary source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" information pursuant to Paragraphs 2.9 and 9(a) of the Model Protective Order. Red Hat has asserted that Twin Peaks' source code should not be afforded any confidentiality protections whatsoever, based on the unfounded allegation that Twin Peaks' software contains lines of code that are publicly available. Contrary to Red Hat's accusations, Twin Peaks developed its software internally and has never shared the source code for its software to the public. Instead, Twin Peaks has taken careful precautions to protect its source code as proprietary, trade secret information to prevent others from misappropriating Twin Peaks' technology.

In challenging Twin Peaks' confidentiality designation of its source code, Red Hat seeks to force Twin Peaks to do what is highly unusual and unprecedented: remove confidentiality for its highly sensitive source code and disclose it without protection to Red Hat, a direct competitor to Twin Peaks. Red Hat's challenge, if successful, would pose potentially catastrophic risks and irreparable harm to Twin Peaks.

Courts are especially sensitive to the potential for harm where confidential technical information is disclosed during discovery. *See, e.g., Safe Flight Instrument Corp v. Sundstrand Data Control Inc.*, 682 F. Supp 20, 22 (D. Del. 1988) ("Courts often afford fuller

protection to technological information than that extended to ordinary business information."). Furthermore, "courts have found an increased risk of harm when information is being disclosed to a direct competitor." *Intel Corp. v. CIA Technologies, Inc.,* 198 F.R.D. 525, 531 (N.D. Cal. 2000). Other cases involving source code in the Northern District of California have adopted the Model Protective Order which provides a heightened level of protection for source code. *See* Protective Order, *Dynetix Design Solutions, Inc. v. Synopsis, Inc.*, No. 5:11-cv-05976-PSG (N.D. Cal. Apr. 12, 2012), ECF No. 39. Because Twin Peaks' proprietary source code contains extremely sensitive and confidential information, the Court should enter an order retaining confidentiality of Twin Peaks' source code files as "HIGHLY CONFIDENTIAL – SOURCE CODE" in order to preserve Twin Peaks' highly-valued intellectual property and prevent any unprotected disclosure to Red Hat.

### III.     STATEMENT OF FACTS

Twin Peaks brought this patent infringement action against Red Hat and Gluster, Inc. ("Gluster") on February 23, 2012. (Dkt. No. 1). Twin Peaks alleges that various Red Hat and Gluster file system products infringe Twin Peaks' U.S. Patent No. 7,418,439 ("the '439 patent"). (Dkt. No. 22 at 2). Red Hat has asserted a counterclaim of copyright infringement against Twin Peaks, alleging that certain software products sold by Twin Peaks infringe copyrights allegedly owned by Red Hat. (Dkt. No. 33 at 12-13). Discovery in the case is still in its early stages, and to date, the parties have yet to agree on the terms of a stipulated protective order in the case. Instead, the parties have been proceeding under the provisions of the Model Protective Order, as required under Patent L.R. 2-2.

Twin Peaks believes that Red Hat's allegations of copyright infringement are baseless. Indeed, when Twin Peaks has asked Red Hat for information regarding the basis of its copyright infringement counterclaim, Red Hat has refused to provide it. For example, Twin

Peaks has served interrogatories asking Red Hat to explain the factual basis of its copyright infringement claim but Red Hat has refused to provide any substantive response. (Ex.[1] A at 8-9; Ex. B at 12; Ex. C at 1).

Despite Twin Peaks' belief that Red Hat's alleged copyright infringement counterclaim is frivolous, Twin Peaks has been nothing but forthcoming in providing discovery to Red Hat on its copyright counterclaim, even at this early stage of the case. Pursuant to Paragraph 9(c) of the Model Protective Order, Twin Peaks made available 245 files of its source code for inspection at the offices of Twin Peaks' counsel on November 7, 2012. (Lu Decl.[2] at 3; Ex. D at 1; Ex. E at 1). These source code files relate to various Twin Peaks software products, including TPS Replication Plus for Solaris, TPS Cluster Plus for Solaris, TPS My Mirror for Linux, and TPS Replication Plus for Linux. (Wong Decl.[3] at 6). These software products are file system management products that directly compete with Red Hat and Gluster's file system products. (Wong Decl. at 10).

On November 8, 2012, counsel for Red Hat came to the offices of Twin Peaks' counsel to inspect the code. (Lu Decl. at 4; Ex. F at 1). Counsel for Red Hat spent approximately two hours inspecting Twin Peaks' proprietary source code.[4] (Lu Decl. at 4).

Apart from this single two-hour visit to Twin Peaks' counsel's office, Red Hat has made no other attempt to visit the offices of Twin Peaks' counsel to inspect the source code. (Lu Decl. at 6).

---

[1] References herein to "Ex. [X]" refer to exhibits attached to the Declaration of Jennifer C. Lu filed concurrently herewith.
[2] References herein to "Lu Decl." refer to the accompanying Declaration of Jennifer C. Lu filed concurrently herewith.
[3] References herein to "Wong Decl." refer to the accompanying Declaration of John P. Wong filed concurrently herewith.
[4] At the end of this visit, Red Hat's counsel requested a printout of 830 pages of Twin Peaks' source code. (Lu Decl. at 5). Twin Peaks has objected to this request on the ground that Twin Peaks believes this request to be an unreasonable amount of pages under paragraph 9(d) of the Model Protective Order. (Ex. G).

Twin Peaks has designated the source code files made available for inspection to Red Hat as "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Paragraphs 2.9 and 9(a) of the Model Protective Order. (Ex. E at 1). Specifically, Twin Peaks' proprietary source code files are extremely sensitive and any disclosure of the source code files without this designation would create a substantial risk of serious harm that could not be avoided by less restrictive means. (Wong Decl. at 11-12).

On November 20, 2012, Red Hat, Inc. challenged Twin Peaks' designation of its source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" and requested that Twin Peaks remove the confidentiality designation of its source code and/or lower its designation for any non-public portions of the code. (Ex. H at 1). Red Hat's challenge is premised on its unfounded allegation that certain lines of Twin Peaks' source code are publicly-available open-source code. (*Id.*) However, to date, Red Hat has failed to identify any lines of the publicly-available code allegedly contained in Twin Peaks' source code. (Ex. I at 1; Ex. B at 12; Ex. C at 1). In response to Red Hat's challenge, Twin Peaks refused and stood by its designations, maintaining that it has never disclosed any of its proprietary source code to the public. (Ex. J at 1).

Counsel for the parties held a telephonic meet and confer on December 3, 2012. The parties reached an impasse and it became apparent that court intervention would be necessary to retain confidentiality of Twin Peaks' source code designation. (Ex. C at 1). Red Hat clearly does not intend to abide by the confidentiality designation Twin Peaks has placed on its source code. Therefore, because Red Hat insists that the source code is not entitled to the proper confidentiality protection, Twin Peaks cannot provide Red Hat with any printouts of its proprietary source code until the Court has resolved the confidentiality designations for the source code. (Ex. H at 1).

## IV. ARGUMENT

### A. Twin Peaks' Source Code Files are Proprietary and Constitute Its Most Highly Prized and Confidential Asset

Twin Peaks has properly designated its source code files in this case as "HIGHLY CONFIDENTIAL – SOURCE CODE." The Model Protective Order defines "HIGHLY CONFIDENTIAL – SOURCE CODE" as "extremely sensitive 'Confidential Information or Items' representing computer code…disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (Model Protective Order at ¶ 2.9). Furthermore, under the Model Protective Order, "to the extent production of source code becomes necessary in this case, a Producing Party may designate source code as 'HIGHLY CONFIDENTIAL – SOURCE CODE' if it comprises or includes confidential, proprietary or trade secret source code." (Model Protective Order at ¶ 9(a)).

There is no question that Twin Peaks' source code warrants the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation, as the code comprises and includes confidential, proprietary, and trade secret information. Twin Peaks' source code is the nucleus for Twin Peaks' software products. Specifically, Twin Peaks has devoted over 10 years in research and development on the source code for its products, including TPS Replication Plus for Solaris, TPS Cluster Plus for Solaris, TPS My Mirror for Linux, and TPS Replication Plus for Linux. (Wong Decl. at 5-6). This code was developed internally within Twin Peaks and has never been disclosed to the public. (Wong Decl. at 8). Even within its own company, Twin Peaks implements strict controls over access to its source code, maintaining copies of the source code only in a locked room on highly secure servers with firewall and password protection and even limiting its own employees' access to the code on a

need-to-know basis. (Wong Decl. at 9). Thus, Twin Peaks' source code constitutes confidential and proprietary information to Twin Peaks.

For similar reasons, Twin Peaks' source code is also Twin Peaks' trade secret information. Under California law, a "trade secret" is defined as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Cal. Civ. Code § 3426.1. Twin Peaks' source code meets these requirements. First, Twin Peaks' code includes formulas, patterns, programs, methods, techniques, and processes from which Twin Peaks derives independent value from the code not being generally known to the public. Specifically, the secrecy of Twin Peaks' code allows Twin Peaks to market and sell its software to customers while minimizing the risk that others will engage in unauthorized copying and/or use of Twin Peaks' proprietary formulas, patterns, programs, methods, techniques, and processes. Second, as detailed above, Twin Peaks has engaged in reasonable efforts to maintain the secrecy of its source code, maintaining the code in a highly secure set of servers. Twin Peaks' code is therefore trade secret information requiring the highest level of confidentiality designation allowed under the Model Protective Order.

**B.    Disclosure of Twin Peaks' Source Code without the Current Confidentiality Designation Creates an Irreparable Risk of Harm to Twin Peaks**

Disclosure of Twin Peaks' source code to Red Hat and Gluster without the current "HIGHLY CONFIDENTIAL – SOURCE CODE" designation would create an unfair risk of irreparable harm to Twin Peaks. To determine whether and the extent to which a trade secret or other confidential information should be revealed in discovery, courts balance the risk of

inadvertent disclosure and harm to the disclosing party against the risk that the protection of information will impair the prosecution or defense of the other party's claims.  *See Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1470 (9th Cir. 1992).  Without the necessary confidentiality designation, Twin Peaks' competitive advantage would be severely compromised.

Importantly, "[c]ourts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitior."  *American Standard Inc. v. Pfizer Inc*., 828 F.2d 734, 741 (Fed. Cir. 1987).  "Even a seemingly insignificant risk of disclosure cannot be ignored due to the threat of significant potential injury."  *Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, 531 (N.D. Cal 2000) (citing *Brown Bag*, 9650 F.2d at 1470).  Since Red Hat and Gluster distribute software products that are in direct competition with Twin Peaks' technology, disclosure of Twin Peaks' proprietary source code to Red Hat and Gluster without the highest confidentiality designation would create a substantial risk of serious harm and threat to Twin Peaks.  Unless access to Twin Peaks' source code is limited to Red Hat and Gluster's outside counsel and in-house counsel who have no involvement in competitive decision-making, as contemplated in the Model Protective Order (*see* Model Protective Order at ¶ 7.3), there is simply too great of a risk that others at Red Hat or Gluster could potentially misuse Twin Peaks' source code to Twin Peaks' competitive disadvantage.  This clearly tips the balance of equities in favor of retaining confidentiality of Twin Peaks' source code as "HIGHLY CONFIDENTIAL – SOURCE CODE."

  **C.**  **Red Hat's Allegation that Twin Peaks' Source Code is Not Proprietary is Baseless**

Red Hat's sole basis for challenging Twin Peaks' confidentiality designation of its source code is the assertion that Red Hat's counsel found evidence that Twin Peaks' source code includes lines of code that are publicly available during his two-hour inspection of the

code. But this argument is meritless for several reasons.

First, while Red Hat alleges that Twin Peaks' source code contains lines of publicly-available open-source code, to date it has yet to identify any such lines. (Ex. I at 1). In response, Red Hat argues that it needs printouts of Twin Peaks' source code in order to point out the portions of the code that are purportedly public. (*Id).* But this is nothing more than an improper attempt by Red Hat to obtain copies of Twin Peaks' source code. As discussed above, to date Red Hat has demanded that Twin Peaks produce 830 pages of printouts of its source code, which Twin Peaks believes is excessive, particularly when those 830 pages were identified by a Red Hat attorney after spending only two hours looking at Twin Peaks' source code. The Model Protective Order specifically states:

> The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.

(Model Protective Order at ¶ 9(d)). There is simply no way that Red Hat's counsel could determine that all 830 pages of the requested Twin Peaks source code are "reasonably necessary" as set forth in paragraph 9(d) of the Model Protective Order based on a cursory two-hour review of the code.

Moreover, it is important to note that Red Hat readily admits that it cannot identify any lines of code that Twin Peaks purportedly copied from Red Hat without first having access to printouts of Twin Peaks' source code. (Ex. B at 12; Ex. C at 1). This further highlights the fact that Red Hat filed its copyright counterclaim against Twin Peaks without any sort of factual basis to support this counterclaim.

**D.    Red Hat's Challenge to Twin Peaks' Source Code Designation is Meritless Even If Red Hat Could Identify Any Lines of Publicly-Available Code in Twin Peaks' Source Code**

Even if Red Hat could show that Twin Peaks' source code does contain lines of publicly-available source code, Red Hat's challenge to Twin Peaks' source code designation would still be meritless.

The mere fact that a software program may contain some sections of publicly-available material does not mean that the program's source code is not protectable as confidential information. Indeed, Red Hat ignores the clear language of the Model Protective Order, which states that "a Producing Party may designate source code as 'HIGHLY CONFIDENTIAL – SOURCE CODE' if it *comprises or includes* confidential, proprietary or trade secret source code." (Model Protective Order at ¶ 9(a)) (emphasis added). In other words, source code can be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Model Protective Order so long as *at least some* of the code includes information that is confidential, proprietary, or trade secret information. Red Hat's attempt to parse out some portions of Twin Peaks' source code as being non-confidential is therefore improper. So long as the combination, arrangement, or design of the code is confidential, proprietary, or trade secret information, then the entirety of the code should be subject to the same confidentiality designation. *See, e.g., Kendall Holdings, Ltd. V. Eden Cryogenics, LLC*, 2011 WL 3652696, at *2 (S.D. Ohio Aug. 18, 2011) ("In a case which involves design drawings and engineering plans for specific products, a party may claim that the drawings and plans, as a whole, constitute trade secrets even if they contain some non-secret or public information. In fact, even if each separate component of a drawing or plan can be found in the public domain, the way in which those components are combined may well qualify for trade secret protection."); *Mike's Train House, Inc. v. Lionel, L.L.C.,* 472 F.3d 398, 410-411 (6th Cir. 2006) ("A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of

PLAINTIFF'S MOTION TO RETAIN
CONFIDENTIALITY OF ITS SOURCE         10                    CASE NO: 5:12-CV-00911-RMW
CODE

which, in unique combination, affords a competitive advantage and is a protectable secret.").

Copyright law also supports Twin Peaks' position that its source code necessitates protection as highly confidential information. Under 17 U.S.C. §§101 *et seq*, a compilation is "a work formed by the collection and assembling [1] of preexisting materials or [2] of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitute an original work of authorship." Courts have found that source code can be a copyrightable "compilation" of parameters and command terms. *See, e.g., Digital Communications Associates, Inc. v. Softklone Distributing Corp*, 659 F. Supp. 449, 462-463 (N.D. Ga 1987) (Protecting computer program's "status screen" as a compilation). In *Digital Communications*, the court stated that the "specific placement, arrangement and design of the parameter/command terms [] is neither arbitrary nor predetermined, but, rather, is the result of extensive original human authorship…Therefore, [such compilation] is copyrightable to the extent of its arrangement and design of the parameter/command terms." *Id*. Thus, even if there were any lines of publicly-available source code in Twin Peak's software, the software as a whole still comprises an original work of authorship and design. As such, Twin Peaks' software must be protected as proprietary information. Therefore, Red Hat's challenge to the confidentiality of Twin Peaks' source code is meritless and it is essential that Twin Peaks continue designating its source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Model Protective Order.

V. **CONCLUSION**

For the foregoing reasons, Twin Peaks respectfully requests that the Court retain confidentiality for Twin Peaks' source code made available in discovery in this case under the designation "HIGHLY CONFIDENTIAL – SOURCE CODE."

| | | |
|---|---|---|
| 1 | Dated: December 11, 2012 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Jennifer C. Lu* |
| | |     Jennifer C. Lu |

Christopher D. Banys  (State Bar No. 230038)
Richard C. Lin         (State Bar No. 209233)
Jennifer C. Lu         (State Bar No. 255820)
Nicholas S. Mancuso  (State Bar No. 271668)
cdb@lanierlawfirm.com
rcl@lanierlawfirm.com
jcl@lanierlawfirm.com
nsm@lanierlawfirm.com
THE LANIER LAW FIRM, P.C.
2200 Geng Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 322-9100
Fax: (650) 322-9103

Attorney for Plaintiff
TWIN PEAKS SOFTWARE INC.